UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD DWIGHT EADY,<br><br>    Plaintiff,<br><br>v.<br><br>MESILLA VALLEY TRANSPORTATION,<br><br>    Defendant. | Case No. 3:19-cv-00767<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

    Pro se Plaintiff Ronald Dwight Eady alleges that Defendant Mesilla Valley Transportation (MVT) violated the Americans with Disabilities Act (ADA) when it terminated his employment as a commercial truck driver after he was diagnosed with congestive heart failure. (Doc. No. 1.) MVT has filed a motion for summary judgment, arguing that Eady's claims fail on the merits or, in the alternative, that Eady should be compelled to arbitrate his claims because he signed a mandatory arbitration agreement. (Doc. Nos. 21, 22.) MVT's motion is fully briefed. (Doc. Nos. 26, 27, 28.) For the reasons that follow, the Magistrate Judge will recommend that MVT's motion be granted in part: Eady's claim should be dismissed without prejudice and that the claim be compelled to arbitration.

**I.     Background**

    **A.     Undisputed Facts**[1]

Eady began employment as a driver with MVT on June 26, 2018. (Doc. Nos. 21-1, 23.) That day, Eady signed a "Mandatory Arbitration of Disputes - Waiver of Rights Agreement[,]" which provides:

> In consideration of the Employee's employment by MVT (and/or any of its affiliates) as good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Employee and MVT agree that any claim, controversy, and/or dispute between them, arising out of and/or in any way related to Employee's application for employment, employment and/or termination of employment, whenever and wherever brought, shall be resolved by arbitration. The employee agrees that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and is fully enforceable.

(Doc. No. 21-1, PageID# 89.)

On March 30, 2019, Eady notified MVT that he had been diagnosed with congestive heart failure. (Doc. Nos. 21-1, 23.) Upon learning of his diagnosis, MVT "provided . . . Eady with a thirty (30) day Leave of Absence to allow him to deal with the diagnosis and obtain medical clearance, certifying that he was medically qualified to drive a commercial motor vehicle." (Doc. No. 21-1, PageID# 87, ¶ 8; Doc. No. 23.) Eady was expected to return to work on May 2, 2019. (Doc. No. 21-1.) However, "Eady did not return to work[,] [n]or did he provide any proof from a physician or medical professional certifying that he had been medically cleared as physically qualified to drive a commercial motor vehicle again, request any additional leave, or request any other accommodation." (*Id.* at PageID# 87, ¶ 10.) MVT terminated Eady's employment on May 2, 2019, "because his Leave of Absence expired." (Doc. No. 23, PageID# 111, ¶ 16.) MVT

---

[1]    This factual history draws from MVT's statement of undisputed material facts (Doc. No. 23) and the affidavit of its human resources director and supporting exhibits (Doc. No. 21-1). Eady has opposed the statement of undisputed material facts but, for reasons discussed below, the evidence he offers in opposition carries no weight.

informed Eady that he would be eligible for rehiring if he obtained the necessary medical clearance, reapplied, and passed the driver qualification process. (Doc. No. 23.)

B.  **Procedural History**

Eady initiated this action on August 30, 2019, by filing a complaint alleging that MVT violated the ADA when it terminated his employment and seeking $5,000,000.00 in damages. (Doc. No. 1.) On October 2, 2019, the Court granted Eady's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915(e)(2)(B), finding that Eady had stated a colorable claim against MVT under the ADA. (Doc. No. 4.) On February 13, 2020, MVT filed a motion for summary judgment, along with a memorandum of law; the affidavit of its human resources director and supporting exhibits, including the arbitration agreement that Eady signed; and a statement of undisputed material facts.[2] (Doc. Nos. 21–23.) MVT argues that Eady's ADA claim must fail because it terminated Eady's employment to comply with federal law, which prohibits people with an active diagnosis of congestive heart failure from working as commercial truck drivers. (Doc. No. 22.) MVT also argues that Eady's claim is subject to mandatory arbitration. (*Id.*)

Eady responded in opposition to MVT's motion. (Doc. Nos. 26, 26-1.) Eady's response consists of a variety of documents, including a document labeled "Affidavit," in which Eady alleges that the arbitration agreement appended to MVT's motion for summary judgment is not the one he signed, and Eady's responses to MVT's statement of undisputed material facts.[3] (Doc.

---

[2]  Before MVT filed its motion for summary judgment, Eady was briefly represented by counsel. (Doc. Nos. 14, 15, 20.)

[3]  This "Affidavit" appears elsewhere in the record: Eady filed it for the first time after his counsel moved to withdraw. (Doc. No. 18.) The document concludes with a notarized "Certificate of Acknowledgement" identical to the one described below. (*Id.* at PageID# 76.)

3

No. 26-1.) At the end of the response is a "Certificate of Acknowledgement" from a notary in Lincoln County, Tennessee, providing that, on March 10, 2020, Eady personally appeared before her and

> proved to [her] on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to [her] that he . . . executed the same in his . . . authorized capacities, and that by his . . . signature on the instrument the person or the entity upon behalf of which the person acted, executed this instrument.

(*Id.* at PageID# 205.) The notary's signature and official seal appear at the bottom of the page, along with a written statement that the "instrument executed and witnessed" were "documents for summary judgment for federal court[.]" (*Id.*)

In its reply, MVT objects to the evidence that Eady submitted in his response. (Doc. No. 27.) MVT argues that Eady's response in opposition to its statement of undisputed material facts fails to comply with the Court's Local Rules because the response does not cite to any document in the record to demonstrate the existence of a triable factual dispute. (*Id.*) Further, MVT argues that none of the allegations in Eady's response is sworn and therefore those allegations are not evidence that can be considered at summary judgment. (*Id.*) Eady has also "resubmit[ed]" various documents from his response, including his response to MVT's statement of undisputed material facts and the document labeled "Affidavit." (Doc. No. 28, PageID# 216, 219.) The resubmitted documents are individually notarized with the same acknowledgement.[4] (*Id.* at PageID# 219.)

---

[4] Eady has unsuccessfully moved to amend his complaint several times since the parties finished briefing MVT's motion for summary judgment. (Doc. Nos. 32, 37, 38, 41, 42, 44.)

## II. Legal Standard

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

5

Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

**III.     Analysis**

MVT argues that Eady failed to comply with the Court's Local Rules governing responses to motions for summary judgment and that the Court cannot consider Eady's unsworn allegations in resolving MVT's motion. The Court therefore turns first to the question of whether Eady has properly supported his response in opposition to MVT's motion. Ultimately, Eady has failed to provide any evidence to rebut MVT's well-supported position that Eady agreed to arbitrate the claim that he asserts in this action.

### A.     Local Rule 56.01 and the Invalidity of Unsworn Factual Allegations

This Court's Local Rule 56.01 provides that "any motion for summary judgment . . . must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). Under this rule, "[e]ach fact must be set forth in a separate, numbered paragraph [and] . . . must be supported by specific citation to the record." *Id.* Any party opposing a motion for summary judgment must specifically respond to each asserted fact by: "(1) Agreeing that the fact is undisputed; (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record." M.D. Tenn. R. 56.01(c) (response to statement of facts). All parties must comply with this rule. *See id.*; *see also* M.D. Tenn. R. 56.01(f)

6
Case 3:19-cv-00767   Document 45   Filed 07/17/20   Page 6 of 13 PageID #: 292

(failure to respond) ("If a timely response to a moving party's statement of material facts . . . is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.").

MVT's statement of undisputed material facts complies with the requirements of Local Rule 56.01; Eady's response to that statement does not. None of Eady's responses seeking to establish a factual dispute is "supported by specific citation to the record." M.D. Tenn. R. 56.01(c)(3) (response to statement of facts). A structural defect alone will not prevent Eady from defeating MVT's motion for summary judgment. *See Myszka v. Asbury*, No. 3:07-0671, 2008 WL 4525415, at *5 (M.D. Tenn. Oct. 2, 2008) (finding that pro se plaintiff had adequately responded to motion for summary judgment even though his response to the defendants' statement of undisputed material facts "d[id] not conform to traditional structure" where he had "also filed several pieces of evidence which dispute Defendants' characterization of the facts"). However, if MVT carries its initial burden, Eady must still support his position with evidence that creates a genuine factual dispute. Eady has not done so.

It is well established that unsworn factual allegations are not evidence that can be considered at summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970) (holding that unsworn statement did not meet requirements of Rule 56); *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 363 n.3 (6th Cir. 2001) ("[A] court may not consider unsworn statements when ruling on a motion for summary judgment[.]" (quoting *Pollock v. Pollock*, 154 F.3d 601, 611 n.20 (6th Cir.1998))). The rule that unsworn allegations are not admissible at summary judgment is not intended to be "hyper[-]technical" or pointlessly formalistic; rather, it is "critical" to ensuring that parties are not "free to fabricate a genuine issue of material fact with no fear of recourse." *Rogers v. City of Selma*, 178 F. Supp. 3d 1222, 1233 (S.D. Ala. 2016). A party may support or oppose a

7
Case 3:19-cv-00767    Document 45    Filed 07/17/20    Page 7 of 13 PageID #: 293

motion for summary judgment with facts set out in a sworn affidavit, which is "a 'written or printed declaration or statement of facts, made voluntarily, and confirmed by oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.'" *Turner v. Parker*, No. 3:18-cv-00003, 2019 WL 5064086, at *5 (M.D. Tenn. Oct. 9, 2019) (quoting *Black's Law Dictionary* (6th ed. 1991)); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) (holding that an affidavit "is required to be sworn to by the affiant in front of an "officer authorized to administer oaths" (quoting *Black's Law Dictionary* (5th ed. 1979))). Alternatively, a party may submit a declaration that complies with 28 U.S.C. § 1746, which "allows for 'unsworn declarations under penalty of perjury' to support any matter that legally requires an affidavit to support it." *Peters*, 285 F.3d at 475 (quoting 28 U.S.C. § 1746). Such a declaration must include the following statement: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." *Id.*

Although many of the documents Eady has filed in opposition to MVT's summary judgment motion are notarized, including his affidavit, none states that Eady swore to the veracity of its contents. Rather, in each case, "[a]ll the notary did was acknowledge that [Eady] . . . was actually who [ ]he proclaimed [him]self to be." *Rogers*, 178 F. Supp. 3d at 1233. A notarized acknowledgment of that kind, which is frequently used to authenticate a corporate document for recording purposes, does not carry the same weight as a notarized verification of an oath or affirmation taken to support an affidavit.[5] *See Pulaski Lumber Co. v. Harpeth S., Inc.*, 501 S.W.2d 275, 279 (Tenn. 1973) (distinguishing a notarized acknowledgement of a lien from "a sworn

---

[5] The Court alerted Eady to this distinction previously when confronted with the "Affidavit" that Eady filed after his counsel moved to withdraw, which concluded with a notarized certificate of acknowledgement, finding that the document was "not *sworn to* before a notary or made under the penalty of perjury as allowed by 28 United States Code Section 1746." (Doc. No. 20 (emphasis added).)

statement of the amount due"). In the absence of such verification, the factual allegations in a notarized document are not sworn for purposes of summary judgment and therefore cannot be considered in deciding MVT's motion. *See Rogers*, 178 F. Supp. 3d at 1233; *Brooks v. Longcore*, No. 1:11-cv-1060, 2012 WL 4501011, at *5 (W.D. Mich. June 15, 2012), *report and recommendation adopted as modified*, 2012 WL 4501010 (W.D. Mich. Sept. 28, 2012). Accordingly, in the following analysis of whether Eady has shown a genuine dispute as to the validity of the arbitration agreement, his unsworn factual allegations carry no weight.

### B. The Arbitration Agreement

The Federal Arbitration Act (FAA) provides that a written arbitration agreement arising out of a transaction in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "To enforce this dictate, the [FAA] provides . . . for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)); *see also* 9 U.S.C. §§ 3, 4. "[T]he FAA 'embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'" *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)).

Before ordering parties to arbitration, the Court must undertake a "limited review" of whether the "case is arbitrable[,]" meaning that "'a valid agreement to arbitrate exists between the parties and . . . the specific dispute falls within the substantive scope of that agreement.'" *Tillman v. Macy's, Inc.*, 735 F.3d 453, 456 (6th Cir. 2013) (quoting *Javitch*, 315 F.3d at 624). "Because arbitration agreements are fundamentally contracts, . . . the enforceability of an arbitration agreement [is reviewed] according to the applicable state law of contract formation." *Seawright*,

507 F.3d at 972. Where, as here, "federal statutory claims are asserted, [the Court] must [also] consider whether Congress intended those claims to be nonarbitrable[.]" *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). A party who opposes arbitration bears the burden of demonstrating "that the validity of the agreement is 'in issue,'" which entails "show[ing] a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting 9 U.S.C. § 4). "The required showing mirrors that required to withstand summary judgment in a civil suit."[6] *Id.* at 889.

MVT argues that Eady signed a valid arbitration agreement under Tennessee law and that the claim he asserts in this action falls within its scope. In Tennessee, "[a] valid, enforceable contract requires consideration and mutual assent, manifested in the form of an offer and an acceptance." *Amos v. Lincoln Prop. Co.*, No. 3:17-cv-37, 2017 WL 2628820, at *4 (M.D. Tenn. June 19, 2017) (alteration in original) (quoting *Ace Design Grp., Inc. v. Greater Christ Temple Church, Inc.*, No. M2016-00089, 2016 WL 7166408, at *7 (Tenn. Ct. App. Dec. 8, 2016)). To support its position, MVT relies on a copy of the arbitration agreement which shows that Eady signed it on June 26, 2018, and the sworn affidavit of MVT's human resources director, who corroborates that Eady signed the agreement on that date. (Doc. No. 21-1.) In pointing to this evidence, MVT has satisfied its initial burden to demonstrate that Eady's claim is arbitrable.

Eady has not shown a genuine dispute of fact regarding the validity of the arbitration agreement. Eady states that, "[u]nder duress," he "did in fact sign an Arbitration Agreement on June 26, 2018[,]" but claims that "[t]he document [that MVT] presented is not the document that

---

[6] MVT presents its request that the Court compel arbitration as part of its motion for summary judgment. The Court construes MVT's request for arbitration as a motion to compel arbitration. *See Home Buyers Warranty Corp. v. Jordan*, No. 16-cv-2340, 2016 WL 10570363, at *3 (W.D. Tenn. Dec. 30, 2016) (explaining that petitioners had "filed a motion to compel arbitration, styled as a motion for summary judgment pursuant to Rule 56").

[he] signed."[7] (Doc. No. 26-1, PageID# 119.) However, these allegations are not sworn and do not create a genuine factual dispute as to the agreement's validity.[8] *Cf. Amos*, 2017 WL 2628820, at *5 (concluding that plaintiff had shown a genuine factual dispute regarding the validity of the purported arbitration agreement where she "submitted her sworn statement averring that she was not given, shown, or told about any Employee Handbook or arbitration policy when she was hired"); *Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 727 (W.D. Ky. 2014) (finding that plaintiffs who submitted sworn affidavits denying that they signed any arbitration agreement had "rais[ed] a genuine issue of material fact [regarding] whether an agreement was, in fact, made").

Further, a "limited review" shows that the underlying dispute is arbitrable. *See Tillman*, 735 F.3d at 456. The parties' agreement to arbitrate disputes that are "in any way related" to Eady's "termination of employment" (Doc. No. 21-1, PageID# 89) is a mutual promise that constitutes "'ample consideration for a contract'" under Tennessee law, *Seawright*, 507 F.3d at 974 (quoting *Pyburn v. Bill Heard Chevrolet*, 63 S.W.3d 351, 358 (Tenn. Ct. App. 2001)), and Eady manifested

---

[7]     Although Eady does not explain what he means by "duress[,]" he does state that he was told that if he did not sign the arbitration agreement he was presented, he "would not be offered employment with the company." (Doc. No. 26-1, PageID# 119.) Even if this unsworn allegation could be used to withstand MVT's motion, it would not provide Eady with a defense to arbitration under Tennessee law. "The Supreme Court of Tennessee has defined an adhesion contract as being 'a standardized form offered on what amounts to a 'take it or leave it' basis, without affording the weaker party a realistic opportunity to bargain, and under conditions whereby the weaker party can only obtain the desired product or service by submitting to the form of the contract.'" *Seawright*, 507 F.3d at 975 (quoting *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996)). However, for the arbitration agreement at issue here to be adhesive, "'there must be evidence that [Eady] would [have been] unable to find suitable employment if [he] refused to sign [MVT's] agreement.'" *Id.* at 976 (quoting *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 502 (6th Cir. 2004)). Eady points to no such evidence in the record and therefore has failed to show that the arbitration agreement he signed is adhesive.

[8]     It is worth noting that the copy of the arbitration agreement that Eady provided is identical to the copy that MVT filed. (Doc. Nos. 21-1, 28.)

his assent to the agreement by signing it, *see id.* A broad arbitration like this one benefits from "'a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Huffman v. Hilltop Cos.*, 747 F.3d 391, 395 (6th Cir. 2014) (quoting *Litton Fin. Printing Div., Litton Bus. Sys., Inc. v. NLRB*, 501 U.S. 190, 204 (1991)). Eady does not argue that this dispute falls outside the scope of the agreement. Finally, as MVT argues, claims brought under the ADA are arbitrable. *See Kelch v. Pyramid Hotel Grp.*, No. 1:18-cv-707, 2020 WL 489237, at *3 (S.D. Ohio Jan. 30, 2020) (collecting cases); *see also* 42 U.S.C. § 12212 (encouraging arbitration to resolve disputes arising under the ADA "to the extent authorized by law"). Nothing raised in this action prevents the arbitration of Eady's claim.

The only remaining question is whether to stay or dismiss this action while arbitration proceeds. "Once an arbitration clause is deemed enforceable, it is generally proper under the FAA to issue a stay of all further proceedings until arbitration is complete." *Elliot v. NTAN, LLC*, No. 3:18-cv-00638, 2018 WL 6181351, at *7 (M.D. Tenn. Nov. 27, 2018). However, this Court has dismissed actions when all claims will be referred to arbitration and there is no apparent possibility that the parties will require the Court's further assistance. *Id.*; *see also Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (affirming district court's decision to dismiss suit after ordering arbitration). The only claim that Eady asserts in this action is arbitrable, and there is no indication that the parties will need the Court's assistance during arbitration. This action should be dismissed without prejudice. *See Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 944 (S.D. Ohio 2014) ("Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice."

(citation omitted)). Given that outcome, the Court will not reach the merits of Eady's ADA claim. *See Great Lakes Reinsurance (UK) PLC v. Sunset Harbour Marina, Inc.*, No. 10-24469-CIV, 2012 WL 6195149, at *2 (S.D. Fla. Dec. 12, 2012) ("Because the Court finds in favor of Defendants on the issue of compelling arbitration, the Court need not reach the merits of Defendants' summary judgment motion.").

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that MVT's motion for summary judgment (Doc. No. 21) be GRANTED IN PART and that this action be DISMISSED WITHOUT PREJUDICE and Eady's claim be COMPELLED to arbitration.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of July, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge